**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **KENNETH LEE HILL** | * | |
| | * | |
| v. | * | Civil Case No. GLR-14-2872 |
| | * | |
| **COMMISSIONER, SOCIAL SECURITY** | * | |
| | * | |

**\*\*\*\*\*\*\*\*\*\*\*\*\***

**REPORT AND RECOMMENDATIONS**

Pursuant to Standing Order 2014–01, the above-captioned case has been referred to me to review the parties' dispositive motions and to make recommendations pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 301.5(b)(ix). I have considered the parties' cross-motions for summary judgment, and the Commissioner's supplemental brief in support of her motion.[1] [ECF Nos. 11, 12, 14]. I find that no hearing is necessary. Loc. R. 105.6 (D. Md. 2014). This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed proper legal standards. 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996); *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). For the reasons set forth below, I recommend that the Court deny both motions, reverse the decision of the Commissioner in part, and remand the case to the Commissioner pursuant to sentence four of 42 U.S.C. § 205(g).

Mr. Hill protectively filed applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") on March 17, 2009. (Tr. 124-25, 294-302). He alleged a

---

[1] Pursuant to this Court's March 24, 2015, Order, the Commissioner was permitted to file supplemental briefing addressing apparent issues that arose as a result of the Fourth Circuit's March 18, 2015, opinion in *Mascio v. Colvin*, 780 F.3d 632 (4th Cir. 2015). [ECF No. 13]. After reviewing the Commissioner's supplemental brief, it is clear that remand is appropriate under *Mascio*. Because I am recommending that the Court grant the relief most favorable to Mr. Hill, I need not wait for Mr. Hill's supplemental response before issuing this Report and Recommendations. *See Radford v. Colvin*, 734 F.3d 288 (4th Cir. 2013) (holding that a district court generally does not have the authority to direct an award of benefits on remand). Moreover, it is in Mr. Hill's best interest to remand the case to the Commissioner at the earliest possible date within the constraints imposed by the Report and Recommendations process.

disability onset date of March 5, 2009.  (Tr. 294, 297).  His applications were denied initially on July 30, 2009, and on reconsideration on April 16, 2010.  (Tr. 146-50, 153-56).  A hearing was held on April 13, 2011, before an Administrative Law Judge ("ALJ").  (Tr. 52-72).  Following the hearing, the ALJ determined that Mr. Hill was not disabled within the meaning of the Social Security Act during the relevant time frame.[2]  (Tr. 128-141).  The Appeals Council remanded Mr. Hill's case for further consideration (Tr. 142-45), and a second hearing was held on March 20, 2013, before a different ALJ (Tr. 73-123).  Following the second hearing, the ALJ again determined that Mr. Hill was not disabled during the relevant time frame.  (Tr. 23-49).  The Appeals Council denied Mr. Hill's request for review of the second hearing decision (Tr. 1-5), so that decision constitutes the final, reviewable decision of the agency.

The ALJ found that Mr. Hill suffered from the severe impairments of degenerative disc disease (cervical and lumbar), gout, chronic obstructive pulmonary disease, hypertensive cardiovascular disease, anxiety, and depression.  (Tr. 29).  Despite these impairments, the ALJ determined that Mr. Hill retained the residual functional capacity ("RFC") to:

> perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except he can only stand or walk for 1 hour out of an 8-hour day and must be allowed a 2-minute break to stand following 30-minutes of sitting.  He can only occasionally climb ramps and stairs (never ladders ropes or scaffolds), balance, stoop, kneel, crouch and crawl.  The claimant must avoid concentrated exposure to extreme cold, fumes, odors, dusts, gases, and poor ventilation.  The claimant is limited to work involving tasks that are routine, repetitive, and unskilled.

(Tr. 32).  After considering the testimony of a vocational expert ("VE"), the ALJ determined that Mr. Hill could perform jobs existing in significant numbers in the national economy and that, therefore, he was not disabled.  (Tr. 40-41).

---

[2] The relevant time frame, during which Mr. Hill must establish he became disabled, is from his alleged onset date, March 5, 2009, through his date last insured, December 31, 2013.

I.      **FUNCTIONAL LIMITATIONS BASED ON MR. HILL'S DIFFICULTIES IN CONCENTRATION, PERSISTENCE, OR PACE**

On September 9, 2014, Mr. Hill petitioned this Court to review the Social Security Administration's final decision to deny his claims. Mr. Hill filed a Motion for Judgment on the Pleadings on December 24, 2014, and the Commissioner filed a Motion for Summary Judgment on February 23, 2015. On March 18, 2015, while Mr. Hill's reply to the Commissioner's motion remained pending, the United States Court of Appeals for the Fourth Circuit issued a published opinion in *Mascio v. Colvin*, 780 F.3d 632 (4th Cir. 2015), a Social Security appeal from the Eastern District of North Carolina. The Fourth Circuit determined that remand was appropriate in *Mascio* for three distinct reasons, one of which appeared relevant to the analysis of this case. Accordingly, on March 24, 2014, the Court afforded the Commissioner an additional 30 days to file a brief addressing the apparent *Mascio* issue. [ECF No. 13].

Pertinent to this case, the Fourth Circuit remanded *Mascio* because the hypothetical the ALJ posed to the VE – and the corresponding RFC assessment– did not include any mental limitations other than unskilled work,[3] despite the fact that, at step three of the sequential evaluation, the ALJ determined that the claimant had moderate difficulties in maintaining concentration, persistence, or pace. *Mascio*, 780 F.3d at 637-38. The Fourth Circuit specifically held that it "agree[s] with other circuits that an ALJ does not account for a claimant's limitations in concentration, persistence, and pace by restricting the hypothetical question to simple, routine tasks or unskilled work." *Id.* at 638 (quoting *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1180 (11th Cir. 2011)) (quotation marks omitted). In so holding, the Fourth Circuit emphasized the distinction between the ability to perform simple tasks and the ability to stay on task, stating

---

[3] In *Mascio*, the hypothetical the ALJ posed to the VE did not actually limit the claimant to unskilled work, and thus did not match the ALJ's RFC assessment. However, the VE indicated that all of the jobs cited in response to the hypothetical involved "unskilled work" such that, in effect, the hypothetical matched the ALJ's RFC assessment.

that "[o]nly the latter limitation would account for a claimant's limitation in concentration, persistence, or pace." *Id.* Although the Fourth Circuit noted that the ALJ's error might have been cured by an explanation as to why the claimant's moderate difficulties in concentration, persistence, or pace did not translate into a limitation in the claimant's RFC, it held that absent such an explanation, remand was necessary. *Id.*

In this case, at step three of the sequential evaluation, the ALJ determined that, "with regard to concentration, persistence or pace," Mr. Hill has "moderate difficulties." (Tr. 31). However, like in *Mascio*, neither the ALJ's RFC assessment nor the hypothetical he posed to the VE included any mental limitations other than "tasks that are routine, repetitive, and unskilled." (Tr. 32, 109-11). Accordingly, unless the ALJ adequately explained why Mr. Hill's moderate difficulties in concentration, persistence, or pace did not translate into a limitation in his RFC,[4] I must recommend that the Court remand the case to the Commissioner for further analysis consistent with the Fourth Circuit's mandate in *Mascio*.

In her supplemental brief on the issue, the Commissioner contends that "the ALJ provided the explanation that was lacking in *Mascio*." Def.'s Supplemental Br. 2. In support of her argument, the Commissioner points to the ALJ's statement that "the evidence of [Mr. Hill's] mental impairments—combined with his pain—supports a limitation to work involving only routine, repetitive and unskilled work." (Tr. 39). She alleges that this relatively conclusory statement indicates that the ALJ's RFC assessment "considered the extent of Mr. Hill's moderate difficulties in concentration, persistence, or pace." Def. Supplemental Br. 2. I am unpersuaded. Despite the ALJ's apparent effort, the limitation to "tasks that are routine, repetitive, and

---

[4] In *Mascio*, the Fourth Circuit did not explicitly discuss whether a limitation to "repetitive tasks" could account for a claimant's moderate difficulties in concentration, persistence, and pace. However, common sense and context dictate that a limitation to repetitive tasks relates more to a claimant's ability to perform simple tasks, than to his ability to stay on task. Accordingly, like the limitations to routine tasks and unskilled work, a limitation to repetitive tasks does not account for a claimant's difficulties in concentration, persistence, and pace.

4

unskilled," cannot be said to account for Mr. Hill's moderate difficulties in concentration, persistence, or pace, without being in direct conflict with the Fourth Circuit's holding to the contrary. *See Mascio*, 780 F.3d at 638.

The Commissioner raises several other arguments, essentially suggesting that, because the ALJ's RFC assessment was "consistent with and more restrictive than Dr. Taller's opinion," his decision "shows specific consideration of how Mr. Hill's ability to concentrate and focus would affect his ability to work and why additional limitations were not warranted." Def. Supplemental Br. 3-4. However, how the ALJ's RFC assessment compared with Dr. Taller's opinion is irrelevant for several reasons. First, I note that an ALJ could certainly cite a medical opinion in support of an explanation concerning why moderate difficulties in concentration, persistence, or pace did not translate into functional limitations in his RFC assessment. Absent a statement by the ALJ alluding to such a connection, however, it is improper for the Court to infer that the ALJ declined to include functional limitations because a consistent or less restrictive opinion exists in the record. More importantly, that inference would be highly inappropriate in this case, where the ALJ assigned "little weight" to Dr. Taller's opinion, specifically because the ALJ credited Mr. Hill's claims regarding his difficulties in concentration, persistence, or pace. (Tr. 39).

At no point in the ALJ's RFC assessment did he offer any explanation concerning why Mr. Hill's moderate difficulties in concentration, persistence, or pace did not translate into a functional limitation, related to his ability to stay on task. Pursuant to *Mascio*, once an ALJ has made a step three finding that a claimant suffers from moderate difficulties in concentration, persistence, or pace, the ALJ must either include a corresponding limitation in his RFC assessment, or explain why no such limitation is necessary. In this case, the ALJ did neither, and

I must recommend that the Court remand the case to the Commissioner for further consideration. In so recommending, I express no opinion as to whether the ALJ's ultimate decision that Mr. Hill was not disabled was correct or incorrect.

## II.    ARGUMENTS RAISED BY MR. HILL

In his Motion for Judgment on the Pleadings, Mr. Hill raises two primary arguments. First, he contends that the ALJ erred in evaluating the medical opinion evidence. Second, he claims that the ALJ erred in assessing the credibility of his subjective complaints. Both arguments are without merit. With respect to the ALJ's evaluation of the medical opinion evidence, Mr. Hill essentially asks the Court to re-weigh the evidence of record, which it is not permitted to do. *See Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Although the ALJ did not reiterate which objective medical evidence contradicted the opinions of Drs. Ziscovici and Jari, his evaluation of their opinions followed an extremely detailed impairment-by-impairment summary of the objective medical evidence in its entirety, as well as the inconsistencies contained therein. (Tr. 34-37). The rationale underlying the ALJ's assignment of "little weight" to the opinions of both physicians was, contrary to Mr. Hill's contentions, in accordance with the factors set forth in Social Security regulations. *See* 20 C.F.R. §§ 404.1527(c), 416.927(c). Moreover, it is unclear what prejudice Mr. Hill contends he suffered as a result of the ALJ's assessment of the opinions of the State agency medical consultants, since the ALJ ultimately concluded that Mr. Hill's RFC was more limited, in many respects, than the State agency consultants opined. The ALJ's evaluation of the medical opinion evidence in the record was supported by substantial evidence, and does not constitute a basis for remand.

With respect to the credibility of Mr. Hill's subjective complaints concerning the intensity, persistence, and limiting effects of his symptoms, Mr. Hill contends that the ALJ obscured the issue of whether his spinal impairment was disabling by discussing the credibility

of Mr. Hill's statements about his other impairments. Pl. Mem. 17-19. However, as he was required to do, the ALJ provided a detailed explanation documenting how he decided which of Mr. Hill's statements to believe and which to discredit.[5] *See, e.g., Mascio*, 780 at 640; (Tr. 37-38). As noted above, the ALJ explained – for each of Mr. Hill's impairments, including his spinal impairment – why the objective evidence did not support Mr. Hill's allegations. The ALJ's evaluation of Mr. Hill's credibility was therefore supported by substantial evidence.

## III. CONCLUSION

For the reasons set forth above, I respectfully recommend that:

1. the Court DENY Defendant's Motion for Summary Judgment [ECF No. 12];

2. the Court DENY Mr. Hill's Motion for Judgment on the Pleadings [ECF No. 11];

3. the Court REVERSE IN PART, due to inadequate analysis, the Commissioner's judgment pursuant to sentence four of 42 U.S.C. § 405(g);

4. the Court REMAND this case for further proceedings in accordance with this opinion; and

5. the Court close this case.

Any objections to this Report and Recommendations must be served and filed within fourteen (14) days, pursuant to Federal Rule of Civil Procedure 72(b) and Local Rule 301.5(b).

## IV. NOTICE TO PARTIES

Failure to file written objections to the proposed findings, conclusions and recommendations of the Magistrate Judge contained in the foregoing report within fourteen (14) days after being served with a copy of this report may result in the waiver of any right to a *de*

---

[5] In evaluating Mr. Hill's credibility, the ALJ stated that Mr. Hill's subjective complaints were "not entirely credible for the reasons explained in [his] decision." (Tr. 32). The ALJ's statement is similar to the problematic boilerplate language that constituted one of the bases for remand in *Mascio*, 780 F.3d at 639-40. It is, however, critically distinguishable from that boilerplate because it does not reference the ALJ's RFC assessment, and thus does not imply that the ALJ first assessed Mr. Hill's RFC and then used that assessment to determine his credibility. *See id.*

*novo* review of the determinations contained in the report and such failure shall bar you from challenging on appeal the findings and conclusions accepted and adopted by the District Judge, except upon grounds of plain error.

Dated: April 24, 2015                                    /s/
                                                Stephanie A. Gallagher
                                                United States Magistrate Judge