IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| KENNETH LEE HILL, | * | |
| | * | |
| Claimant, | * | |
| | * | |
| v. | * | Case No. GLR-14-2872 |
| | * | |
| CAROLYN W. COLVIN, | * | |
| Commissioner of Social Security, | * | |
| | * | |
| Defendant | * | |

******

**REPORT AND RECOMMENDATIONS**

Kenneth Lee Hill has filed a petition for attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, in the amount of $5,190.43, plus $400.00 in filing fees. (ECF No. 17). Because Mr. Hill did not consent to a magistrate judge for all proceedings, his request for attorney's fees has been referred to me, pursuant to Standing Order 2014-01, for review and to make recommendations under 28 U.S.C. § 636(b)(1)(B) and Local Rule 301.5(b)(ix). The Commissioner opposed Mr. Hill's petition for fees. (ECF No. 18). For the reasons set forth below, I recommend that Mr. Hill's Motion for Attorney's Fees be GRANTED in part and DENIED in part.

**BACKGROUND**

After being denied Disability Insurance Benefits and Supplemental Security Income at the administrative level, Mr. Hill appealed the decision to this Court. (ECF No. 1). He was represented on appeal by a law firm based in New York ("the New York firm"), with the assistance of local counsel in Maryland. In his motion for judgment on the pleadings, Mr. Hill raised two primary arguments: (1) that the ALJ erred in evaluating the medical opinion

1

evidence; and (2) that the ALJ erred in assessing the credibility of his subjective complaints. (ECF No. 11). In addition, on March 24, 2015, the Court alerted the parties to a potential issue under the Fourth Circuit decision of *Mascio v. Colvin*, 780 F.3d 632, which was decided on March 18, 2015, as Mr. Hill's case was pending. (ECF No. 13). Pertinent to this case, *Mascio* held that a restriction to simple or unskilled work in an RFC assessment does not account for a claimant's moderate limitation in concentration, persistence, and pace. *Id.* at 638. The Court emphasized the distinction between the ability to perform simple tasks and the ability to stay on task. *Id.* In the instant case, the ALJ found that Mr. Hill had a moderate limitation in his ability to maintain concentration, persistence, or pace, but the only mental limitation appearing in his RFC assessment stated that he would be limited to "tasks that are routine, repetitive, and unskilled." (Tr. 32). Accordingly, the Court's March 24, 2015 letter to the parties granted the Commissioner additional time to review the case to determine whether consent remand was required under *Mascio*, or whether she instead wished to file a supplemental brief addressing the apparent *Mascio* issue. (ECF No. 13). The Commissioner filed a supplemental brief on April 20, 2015. (ECF No. 14). Mr. Hill did not file a response. *See id.*

On April 24, 2015, this Court issued a Report and Recommendations, finding that both of Mr. Hill's arguments lacked merit, but recommending remand based on a finding that the ALJ's RFC assessment was inadequate under *Mascio*. (ECF No. 15). On June 2, 2015, United States District Judge George L. Russell, III adopted the Report and Recommendations, reversed in part the ALJ's decision, and remanded the case for further proceedings. (ECF No. 16).

Mr. Hill timely filed the instant Motion for Attorney's Fees on July 1, 2015. (ECF No. 17). Mr. Hill seeks $5,190.43 for his counsel, which represents 27.70 hours of attorney work time at an hourly rate of $187.38. *Id.*

**I. LEGAL STANDARDS**

A party who prevails in litigation against the United States is entitled to EAJA attorney fees if the Commissioner's position was not substantially justified and no special circumstances make an award unjust. 28 U.S.C. § 2412(d)(1); *Crawford v. Sullivan*, 935 F.2d 655, 656 (4th Cir. 1991). To receive attorney's fees, the prevailing claimant must submit a fee application and an itemized statement of fees to the court within 30 days of final judgment. *Id*. "The Supreme Court has approved a 'generous formulation' to determine who are prevailing parties: '[P]laintiffs may be considered 'prevailing parties' for attorney's fees purposes if they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit.'" *Hyatt v. Heckler*, 807 F.2d 376, 382 (4th Cir. 1986) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)).

The Commissioner bears the burden of proving that her position was substantially justified, thus precluding an award of attorney fees and costs under the EAJA. *Thompson v. Sullivan,* 980 F.2d 280, 281 (4th Cir. 1992). The Commissioner's position must be substantially justified in both fact and law. *Id.* ("In other words, favorable facts will not rescue the Commissioner from a substantially unjustified position on the law; likewise, an accurate recital of law cannot excuse a substantially unjustified position on the facts."); *see also Pierce v. Underwood*, 487 U.S. 552, 562-63 (1988). When evaluating whether the Commissioner's position was substantially justified, the court must examine the Agency's conduct and posture both before and during litigation. *See Comm'r, I.N.S. v. Jean*, 496 U.S. 154, 158 (1990); *Crawford*, 935 F.2d at 657.

A substantially justified position is one that is "more than merely undeserving of sanctions for frivolousness." *Pierce*, 487 U.S. at 566. To be substantially justified, the

Commissioner's position must be "'justified in substance or in the main'—that is, justified to a degree that could satisfy a reasonable person." *Id.* at 565. A court's ruling against the Commissioner is not determinative, as the Commissioner "is not automatically liable for attorney's fees every time [s]he loses a case." *Crawford*, 935 F.2d at 657 (relying on *Smith v. Heckler*, 739 F.2d 144, 147 (4th Cir. 1984)).

## II. ANALYSIS

The Commissioner objects to Mr. Hill's request for attorney's fees, arguing (1) that attorney's fees are unwarranted because the Commissioner's position was substantially justified; and (2) that even if fees are warranted, the amount sought is unreasonable under the circumstances presented. First, then, this Court must evaluate whether an award of attorney's fees is proper under the EAJA. A party is entitled to EAJA fees if: (1) the claimant is a party who prevailed in litigation against the United States; (2) the Commissioner's position was not substantially justified; (3) no special circumstances make an award unjust; and, (4) the claimant's fee application is submitted to the court within 30 days of final judgment and is supported by an itemized statement. 28 U.S.C. § 2412(d)(1); *Crawford*, 935 F.2d at 656.

Mr. Hill easily meets three of these four requirements. Regarding the first element of the statutory test, Mr. Hill qualifies as a prevailing party for purposes of awarding EAJA fees because of the Supreme Court's "generous formulation" of who constitutes a prevailing party. By winning remand of his case, Mr. Hill has succeeded on a significant issue in litigation and has achieved some of the benefit he sought. With respect to the third element, the parties do not dispute whether any special circumstances exist that would make an award of attorney's fees unjust. Mr. Hill's request for attorney's fees is also timely, and therefore satisfies the fourth element of the statutory test.

The only question remaining is whether the Commissioner's position in the case was substantially justified. As noted above, the Commissioner's position must be substantially justified on both the facts and the law. *Thompson*, 980 F.2d at 281. This Court remanded this case not because the facts of this case demand that Mr. Hill receive benefits, but because the ALJ failed to properly explain how his RFC adequately accounted for his moderate limitation in concentration, persistence, or pace under *Mascio*. 780 F.3d at 638; (ECF No. 15). The errors identified relate to how the ALJ crafted the opinion. *Id*. at 5 ("At no point in the ALJ's RFC assessment did he offer any explanation concerning why Mr. Hill's moderate difficulties in concentration, persistence, or pace did not translate into a functional limitation, related to his ability to stay on task."). The Commissioner was given the opportunity to determine whether consent remand was required under *Mascio*, and declined to do so. *See* (ECF Nos. 13, 14). The Commissioner's argument that her position was substantially justified under pre-*Mascio* legal standards is unpersuasive. After *Mascio*, the Commissioner's position in this case was not substantially justified in the law, and an award of EAJA fees is appropriate.

The next question, however, is the amount of EAJA fees reasonable under the circumstances presented. Specifically, Commissioner contends that Mr. Hill's counsel should not receive fees, or should receive reduced fees, because the arguments submitted on his behalf did not succeed. The United States Court of Appeals for the Fourth Circuit has decided, in the context of considering a reasonable fee for an EAJA award, that "[u]nsuccessful claims that are 'distinct in all respects' from the claims upon which the plaintiff has prevailed 'should be excluded in considering the amount of a reasonable fee." *Hyatt v. Barnhart*, 315 F.3d 239, 254 (4th Cir. 2002) (*citing Hensley v. Eckerhart*, 461 U.S. 424 (1983)). Here, Mr. Hill prevailed not because of his attorneys' arguments, but because of the intervening *Mascio* decision. However,

had his attorneys not pressed his appeal, he would have been unable to avail himself of the *Mascio* ruling.

I further note that the $5,190.43 fee sought by Mr. Hill far exceeds the heartland of fees recently awarded in cases presenting in a similar procedural posture, in which the plaintiff's success was directly attributable to the attorney's arguments. *See, e.g., Bragg v. Colvin,* Civil No. SAG-15-152 (Sept. 18, 2015) (awarding fees in the amount of $2,625.00); *Flynn v. Colvin,* Civil No. SAG-15-347 (Sept. 17, 2015) (awarding fees in the amount of $1,505.00); *Hemp v. Colvin,* Civil No. SAG-14-2855 (Sept. 17, 2015) (awarding fees in the amount of $1,281.37); *Barlow v. Colvin,* Civil No. SAG-14-3532 (Sept. 16, 2015) (awarding fees in the amount of $4,023.60); *Smith v. Colvin,* Civil No. SAG-14-4030 (Sept. 3, 2015) (awarding fees in the amount of $1,435.00); *Bracey v. Colvin,* Civil No. SAG-14-3847 (Sept. 3, 2015) (awarding fees in the amount of $1,960.00). Given the fact that, here, the limited success of Mr. Hill's appeal was entirely unrelated to any of the arguments presented by his counsel, and because a significant portion of the hours expended were devoted to the presentation of those arguments, the total fee sought cannot be deemed reasonable. Furthermore, I also note that Mr. Hill's Motion for Attorney's Fees includes hours billed for clerical tasks, which are not compensable under the EAJA.[1] *See Gates v. Barnhart*, 325 F. Supp. 2d 1342, 1348 (M.D. Fla. 2002) (quoting

---

[1] A review of the fee petitions filed in this Court over the last two years by Mr. Hill's New York law firm calls into question the reasonableness of some of the hours billed. In each of twelve fee petitions reviewed, including the petition in this case, there was an entry for 0.8 hours for "Dictated letter to client re: appeal/Dictated complaint" and an entry for 1.3 hours for "Prepare EAJA fee petition." Although this Court is not privy to the letters sent to the clients regarding the appeal, the complaints filed by the New York firm in this Court are unnecessarily more complex than the one-page form used by local practitioners. Similarly, the EAJA fee petitions are near-identical in every case, with the exception of dates, amounts, and a single paragraph describing the outcome of the case. Given the routine nature of these documents, it is difficult to see how they would take experienced counsel significant time to prepare, particularly exactly the same amount of significant time in every case. The remainder of the billing records appear to reflect, as one would expect, different amounts of time billed in different cases based upon the complexity of issues presented. In Mr. Hill's case, however, I also note that counsel billed 8.7 hours for drafting a 9 page statement of facts, after already having spent 4.3 hours outlining the

*Mobley v. Apfel*, 104 F. Supp. 2d 1357, 1360 (M.D. Fla. 2000)) (denying compensation for mailing a complaint and summons); *see also Magwood v. Astrue*, 594 F. Supp. 2d 557, 563 (E.D. Pa. 2009) (finding that clerical tasks should be excluded from the total attorney fee under the EAJA); *Chapman v. Astrue*, 2:08CV00040, 2009 WL 3764009, at *1 (W.D. Va. Nov. 9, 2009) (finding "purely clerical tasks are ordinarily a part of a law office's overhead and should not be compensated for at all").  Thus, I recommend an award of fees for ten hours of work at the requested hourly rate of $187.38, for a total fee of $1,873.80, plus the $400.00 filing fee.  That award is reasonable because it fairly compensates counsel for work performed on the appeal, commensurate with what other lawyers receive in similar cases, without compensating for clerical work or work attributable to unsuccessful legal positions taken on Mr. Hill's behalf.

### III.   CONCLUSION

Based on the foregoing, I recommend that the Court GRANT in part and DENY in part Mr. Hill's Motion for Attorney's Fees, and award him $1,873.80 in fees, plus $400.00 in costs, under the EAJA.  Any objections to this Report and Recommendations must be served and filed within fourteen (14) days, pursuant to Federal Rule of Civil Procedure 72(b)(2) and Local Rule 301.5(b).

### IV.   NOTICE TO PARTIES

Failure to file written objections to the proposed findings, conclusions, and recommendations of the Magistrate Judge contained in the foregoing report within fourteen (14) days after being served with a copy of this report may result in the waiver of any right to a *de novo* review of the determinations contained in the report, and such failure shall bar you from

---

medical record.  Ten hours is a fair approximation of reasonable time to have spent on the work other than unsuccessful legal arguments presented in Mr. Hill's case.

challenging on appeal the findings and conclusions accepted and adopted by the District Judge, except upon grounds of plain error.

Dated: October 5, 2015                    /s/
                                          Stephanie A. Gallagher
                                          United States Magistrate Judge